**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

WILLIE JAMES WILSON, JR., # 328620,

    Petitioner,

v.                     ACTION NO.
                       2:06cv321

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner Willie James Wilson, Jr. ("Wilson") was convicted in the Circuit Court of the City of Portsmouth of possession with intent to distribute cocaine in violation of Virginia Code § 18.2-248 and possession of a firearm while possessing cocaine in violation of Virginia Code § 18.2-308.4. He was sentenced to a term of five years in prison with four years suspended on the drug possession conviction and five years in prison on the firearm conviction.

Wilson's direct appeal of his convictions to the Virginia Court of Appeals was denied on January 11, 2005, and his petition to the Virginia Court of Appeals for rehearing was denied on February 8, 2005. Wilson then filed a habeas petition in the Virginia Supreme Court, which was dismissed as premature on May 24, 2005. In August of 2005, Wilson filed a second petition for writ of habeas corpus, which the Virginia Supreme Court refused on December 20, 2005.

Wilson, presently in the custody of the Virginia Department of Corrections at the James River Work Center in State Farm, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 9, 2006. On August 25, 2006, respondent filed a Rule 5 Answer and Motion to Dismiss. Wilson filed a response to the Motion to Dismiss on September 15, 2006.

### B. Grounds Alleged

Wilson asserts the following entitle him to relief under 28 U.S.C. § 2254:

(a) Claim 1: his Fourth Amendment rights were violated when the Portsmouth Police stopped and arrested him without probable cause and before the search warrant for his home was executed;

(b) Claim 2: his Fourth Amendment rights were violated when his detention in connection with the search warrant was effected outside the curtilage of his home;

(c) he was denied the effective assistance of trial counsel due to his counsel's failure to:

(i) Claim 3: ask him whether and how he was certain as to the time he was stopped by the Portsmouth Police;

(ii) Claim 4: cross-examine the second police officer, who accompanied Officer Holley at the time of the stop and arrest; and,

(iii) Claim 5: argue his Fourth Amendment claim that his detention in connection with

>   the search warrant was unconstitutional because
>   he was stopped outside the curtilage of his home.

It should be noted that in the Respondent's Brief in Support of Motion to Dismiss and Rule 5 Answer [Document No. 9], the Respondent addresses Claims 6[1] and 7.[2] This Court does not address these "claims", however, because Wilson did not actually raise them. Instead, the substance of what Respondent characterizes as "Claim 6" and "Claim 7" was actually argument to prove prejudice under his ineffective assistance of counsel claim presented as "Claim 5."

## II. <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

### A. <u>Exhaustion</u>

In order for this Court to address the merits of this habeas petition, all of petitioner's claims must be exhausted. <u>See</u> 28 U.S.C. § 2254(b) (2000). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." <u>Pruett v. Thompson</u>, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), <u>aff'd</u>, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. <u>See</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 844 (1999) (citing <u>Brown v. Allen</u>, 344 U.S. 443, 447 (1953)); <u>see also</u> <u>Skipper v. French</u>, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Wilson's petition to the Virginia Supreme Court for a writ of habeas corpus contained the same claims raised in Grounds (a), (b), and (c)(iii), characterized by the Respondent

---

[1] Claim 6, reproduced from Respondent's Brief: "Without petitioner's statements it is impossible to determine if the trial court would have had sufficient evidence to convict petitioner;"

[2] Claim 7, reproduced from Respondent's Brief: "As in the state court case <u>Whitaker v. Commonwealth</u>, 37 Va. App. 21, 553 S.E2d 539 (2001), it is impossible to tell absent petitioner's statement whether the police would have found the entire quantity of narcotics in petitioner's house had petitioner not led them to his stash of well-concealed narcotics."

as Claims 1, 2, and 5, in the present petition; therefore Wilson's Grounds (a), (b) and (c)(iii) meet the exhaustion requirement.

Grounds (c)(i) and (ii) were not raised before the Virginia Supreme Court. Because the exhaustion requirement "refers only to remedies still available at the time of the federal petition," Engle v. Isaac, 456 U.S. 107, 125 n.28 (1982), Wilson can satisfy the requirement "if it is clear that [Wilson's] claims are now procedurally barred under [Virginia] law," Castille v. Peoples, 489 U.S. 346, 351 (1989). See also Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997). Virginia does bar Wilson from raising these claims on state habeas corpus now because he had knowledge of these claims at the time he filed his previous state habeas corpus petition and failed to raise the claims in that petition. See Va. Code Ann. § 8.01-654(B)(2) (2000).

However, even if his claims meet the exhaustion requirement, under Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977), Wilson cannot raise in a federal habeas corpus proceeding any claim he did not first present to the Virginia Supreme Court unless he can show cause for failing to present the claim and prejudice resulting therefrom. Nowhere in his federal petition has Wilson shown the requisite cause and prejudice which this Court must find before considering the merits of the claims. Therefore, this Court finds that Grounds (c)(i) and (ii) are defaulted on federal habeas and will not address the merits.

### B. State Procedural Rule

Wilson's Grounds (a) and (b), characterized by the Respondent as Claims 1 and 2, were raised in his habeas petition to the Virginia Supreme Court filed on August 2, 2005, but were rejected by that court based upon a state procedural rule. The Virginia Supreme Court refused to consider Ground (a), finding the claim procedurally defaulted because it presented new,

unarticulated challenges to the legality of the stop, search, and seizure "that could have been raised at trial and on direct appeal and, thus, are not cognizable in a petition for a writ of habeas corpus." Wilson v. Superintendent of the Halifax Field Corr. Unit #23, No. 051608 at 2 (Va. Dec. 20, 2005) (citing Slayton v. Parrigan, 205 S.E.2d at 682). It should be noted that Wilson raised at trial his claim that his stop, search and seizure were unconstitutional because they occurred before the police obtained the search warrant for his home. (Tr. 47-49.) Additionally, Wilson's counsel noted his exception to the trial court's ruling after the court rejected the claim. (Tr. 49.) Wilson failed, however, to appeal the trial court's ruling on direct appeal to the Court of Appeals of Virginia. Therefore, the claim was barred by Slayton v. Parrigan. Wilson, No. 051608 at 2.

The Virginia Supreme Court refused to consider Ground (b) because, though the claim was raised on direct appeal to the Court of Appeals of Virginia, the Court of Appeals was prevented from considering the merits of the issue because counsel did not raise the issue at trial. Id. Therefore, the claim reflected in Ground (b) was also barred by Slayton v. Parrigan. Id.

Clearly the Virginia Supreme Court's refusal to hear these claims rested squarely on the state procedural bar provided in Slayton v. Parrigan. There was no interweaving of any federal law within Virginia's refusal to consider Wilson's claims. The Fourth Circuit has held,

> [a]bsent cause and prejudice or a miscarriage of justice, a federal court sitting in habeas may not review a constitutional claim when a state court has declined to consider its merits on the basis of an adequate and independent state procedural rule.

Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997) (internal citations omitted).

There is no cause, prejudice, or miscarriage of justice alleged by Wilson or apparent to this Court. Therefore, this Court cannot now review claims that were procedurally defaulted in the Virginia Supreme Court.

Moreover, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 498 (1976).  Wilson has not shown that he was denied the opportunity to litigate his Fourth Amendment claims in state court.  In fact, the claim reflected in Ground (a) was raised in the trial court and rejected by the trial judge on the merits. (Tr. 47-49.) Therefore, Wilson may not be granted federal habeas relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.  This Court recommends denying Wilson's Grounds (a) and (b).

### C. Merits

Wilson previously asserted his ineffective assistance of counsel claim based on counsel's failure to argue that his detention in connection with the search warrant violated the Fourth Amendment, Ground (c)(iii), to the Virginia Supreme Court in his state habeas petition.  Pursuant to Title 28 of U.S.C. § 2254, a federal court may not grant relief on any claim that the Virginia Supreme Court adjudicated on the merits unless the Virginia Supreme Court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

The Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with

federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362 (2000). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 1511.

The Virginia Supreme Court, on December 20, 2005, decided Wilson's petition for habeas corpus on the merits. The Virginia Supreme Court thoroughly considered Wilson's Ground (c)(iii), reflected in Claim (d)(2) of his state habeas petition. In support of his claim, Wilson argues that had counsel effectively argued that the police violated his Fourth Amendment rights when they stopped and detained him in connection with the search warrant outside the curtilage of his home, any statements he made and evidence to which he led the police would be suppressed as products of the "impermissible arrest."

The Virginia Supreme Court clearly articulated its application of Strickland v. Washington to the facts in this case, therefore, an independent review of the record is not necessary. See Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000). In considering Wilson's Claim (d)(2), the Virginia Supreme Court held that he failed to satisfy the "prejudice" prong of Strickland because "regardless of petitioner's stop and the admission of the incriminating statements made during the stop, the police would have inevitably discovered the cocaine and firearm while executing the valid search warrant obtained prior to the stop." Wilson, No. 051608 at 3. The court further held that Wilson "failed to establish that the cocaine and firearm found in [his] apartment would not have been otherwise admitted under the doctrine of inevitable discovery." Id. (citing Commonwealth v. Jones, 593 S.E.2d 204 (Va. 2004)). Accordingly, the court concluded, Wilson failed to demonstrate a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have

been different.  Id. at 4.

There is no indication from the record that the Virginia Supreme Court's adjudication on the merits was contrary to, or involved an unreasonable application of, clearly established federal law nor has it resulted in a decision that was based on an unreasonable determination of the facts. Therefore, this Court recommends denial of Wilson's Ground (c)(iii).

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Wilson's petition for writ of habeas corpus be DENIED and the respondent's motion to dismiss be GRANTED.

Wilson's Grounds (a) and (b) should be DENIED because they were procedurally barred from review in the state courts and thus, may not now be considered in this federal Court.

Wilson's Grounds (c)(i) and (c)(ii) should be DENIED because they were never raised to the Virginia state courts and Wilson has shown no cause for failing to present the claims and no prejudice resulting therefrom, which this Court must find before considering the merits of the claim.

Wilson's Ground (c)(iii) should be DENIED because it was previously adjudicated by the Virginia Supreme Court on the merits and based on the holding in Strickland and none of the statutory exceptions apply that would allow this Court to review the claims on the merits.

Wilson's request for an evidentiary hearing is hereby DENIED.

Wilson has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                    /s/
                                        Tommy E. Miller
                            UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

January 3, 2007

## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Willie James Wilson, Jr., # 328620
James River Work Center
State Farm, Virginia 23160

Leah A. Darron, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

        Fernando Galindo, Acting Clerk

    By _____
        Deputy Clerk

        January    , 2007